EDWARDS, Judge.
This is a suit on a promissory note brought by Rex Nelson against John D. Newman, Jr. After trial on the merits, judgment was signed on October 8, 1976 in favor of Newman dismissing plaintiff’s suit. From this judgment, plaintiff has appealed. We ex proprio motu notice that this Court lacks jurisdiction to hear plaintiff’s appeal due to his failure to file timely an appeal bond.
As stated above, judgment was signed on October 8, 1976. Notice of the judgment was mailed to counsel for both parties on Monday October 18, 1976, as evidenced by the clerk’s certificate filed in the record. No application for a new trial was filed.
Plaintiff obtained an order granting a devolutive appeal on November 3, 1976, which order was subsequently amehded on December 14, 1976, in order to set the amount of the appeal bond. The $250.00 appeal bond was not filed until January 3, 1977, as evidenced by the clerk’s “Certificate of Deposit of Cash Bond.”
The delay for taking and perfecting a devolutive appeal is sixty (60) days from the expiration of the delays for applying for a new trial, as provided by LSA-C.C.P. art. 1974, if no application for a new trial is filed timely. LSA-C.C.P. art. 2087, as amended by Acts 1976, No. 201 § 1 (effective October 1, 1976).
The delay for applying for a new trial is seven (7) days, exclusive of legal holidays. This delay commences to run on the day after notice of judgment is mailed. LSA-C.C.P. art. 1974.
*1213 Accordingly, the delay for applying for a new trial commenced on Tuesday, October 19, 1976, and expired on Wednesday, October 27, 1976. The delay for perfecting a devolutive appeal commenced on October 28, 1976 and expired on Monday, December 27, 1976.[1] The appeal bond filed on January 3, 1977, was therefore untimely.
Since no appeal bond was filed timely, this Court lacks jurisdiction to hear the appeal. LSA-C.C.P. art. 2088. Therefore, we ex proprio mota dismiss the appeal.
APPEAL DISMISSED.

. The sixty day period elapsed on Sunday, December 26, 1976, but because this was a legal holiday the appellant had until the end of the next non-holiday to perfect his appeal.